UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 20-1064 |
| --- | --- |
| Case Name | Colwell v. Eleven Creative Services |
| Party or Parties Filing Notice of Appeal Or Petition | Eleven Creative Services LLC |
| Appellee(s) or Respondent(s) | Andrew Colwell |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.     APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket:  January 25, 2020

   **2.**   Date notice of appeal was **filed**:  February 25, 2020

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 Days Fed. R. App. P. 4 (a)(2).

   **a.**   Was the United States or an officer or an agency of the United States a party below?  No

   **b.**   Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:  No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): _____N/A_____

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when? _____N/A_____

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. _____Yes_____

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? _____N/A_____

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. 1292(a)? _____N/A_____

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals). _____N/A_____

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____N/A_____

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

1. Date of the order to be reviewed: _____N/A_____

2. Date petition for review was filed: _____N/A_____

3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: ___N/A___

4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____N/A_____

**C.** **APPEAL OF TAX COURT DECISION**

1. Date of entry of decision appealed: _____N/A_____

2. Date notice of appeal was filed:_____N/A_____
(If notice was filed by mail, attach proof of postmark.)

3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____N/A_____

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____N/A_____

**II.  ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    **A.**    Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    **B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.**    Describe the sentence imposed. _____
_____

    **D.**    Was the sentence imposed after a plea of guilty? _____

    **E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    **F.**    Is the defendant on probation or at liberty pending appeal? _____

    **G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

The Plaintiff filed a Complaint for copyright infringement of a photograph he took at the Defendant's event. Defendant used the photograph taken by the Plaintiff pursuant to a written license entered into between the Plaintiff and the Defendant. Plaintiff filed the lawsuit without sending a cease and desist letter or conversing with the Defendant. The Defendant attempted to discuss the case with the Plaintiff's counsel, who requested a settlement of over $30,000. The Defendant attempted to defend himself and needed counsel to defend himself adequately. Defendant made it clear from the initial conversation with the Plaintiff's counsel that a license had been entered into, but that Defendant was not aware of the location of the physical copy of the license. All previous documentation from years prior had been sent to Tennessee from Denver, Colorado to the Defendant's home in various bins and boxes. The Defendant continued to defend himself with minimal discovery, all the while attempting to locate the physical license to prove the license existed. As soon as the license was found, the Defendant presented it to the Plaintiff the morning of depositions in an effort to stop the depositions and save both parties expense. Plaintiff continued with the depositions and then after attempting to use the information in this case to negotiate another case, finally voluntarily dismissed this action against the Defendant. Defendant moved for attorney fees based on 17 U.S.C. Section 505 as the prevailing party in the action. The motion was denied entirely by the District Court. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, 114 S. Ct. 1023, 1034 (1994) *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).

## IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

The District Court erred in their decision denying the Defendant's Motion for Attorney Fees and Costs entirely. While 17 U.S.C. Section 505 allows for attorney fees and costs to be awarded at the courts' discretion, the Supreme Court has noted that significant weight should be placed on the "reasonableness of [the] losing party's legal and factual arguments." *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018); *see also Kirtsaeng*, 136 S. Ct. at 1989 (giving the factor "significant weight"). The District Court abused its discretion in not giving the reasonableness of the Plaintiff's claim of copyright infringement enough consideration when Plaintiff had entered into a license with the Defendant granting him the ability to utilize the photograph allegedly infringed.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: Matthew Charles Williamson          Telephone: 720-443-1773

Firm: StudioIP Law. LLC

Email Address: mwilliamson@studioiplaw.com

Address: 600 Seventeenth Street, Suite 2800

Denver, Colorado 80209

*Matthew C Williamson*                     March 11, 2020

Signature                                  Date

# CERTIFICATE OF SERVICE

I, Matthew Charles Williamson, hereby certify that on March 11, 2020, I served a copy of the foregoing **Docketing Statement**, by email to Richard P. Liebowitz, counsel for Appellee, at rl@liebowitzlawfirm.com

*Matthew C Williamson*
Signature

March 11, 2020
Date

Matthew Charles Williamson
StudioIP Law, LLC
600 Seventeenth Street, Suite 2800
Denver, Colorado 80202
Full name and address of attorney