

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 2/26/2020

☐ Pro Se    ☒ Retained    ☐ CJA    ☐ FPD

USA or other
☐ Federal Agency
(Appeal Fee Exempt)

Case No: <u>18-cv-2784-CMA-STV</u> Date

Filed: <u>2/25/2020</u>

Appellant: <u>Eleven Creative Services, LLC</u>

☐ Amended Notice of Appeal
☐ Other pending appeals
☐ Transferred Successive
   §2254 or §2255
☐ Supplemental Record

☐ IFP forms mailed/given    ☐ Motion IFP pending    ☐ Appeal fee paid
                            ☐ IFP denied             ☐ Appeal fee not paid

Retained Counsel:
☒ Appeal fee paid    ☐ Appeal fee not paid    ☐ Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:  s/<u>E. Van Alphen,</u>
     Deputy Clerk

cc:    Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

APPEAL,JD1,NDISPO

## U.S. District Court − District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:18−cv−02784−CMA−STV

| | |
|---|---|
| Colwell v. Eleven Creative Services | Date Filed: 10/30/2018 |
| Assigned to: Judge Christine M. Arguello | Jury Demand: Both |
| Referred to: Magistrate Judge Scott T. Varholak | Nature of Suit: 820 Copyright |
| Cause: 17:101 Copyright Infringement | Jurisdiction: Federal Question |

**Plaintiff**

**Andrew Colwell**      represented by    **Richard P. Liebowitz**
Liebowitz Law Firm, PLLC
11 Sunrise Plaza
Suite 305
Valley Stream, NY 11580−6111
516−233−1660
Fax: 516−612−2740
Email: RL@LiebowitzLawFirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Eleven Creative Services**      represented by    **Jessie Laura Pellant**
Studio IP Law
600 17th Street
Suite 2800
Denver, CO 80202
720−443−1773
Email: jpellant@studioiplaw.com
*ATTORNEY TO BE NOTICED*

   **Matthew Charles Williamson**
Studio IP Law
600 17th Street
Suite 2800
Denver, CO 80202
720−352−9528
Email: mwilliamson@studioiplaw.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Eleven Creative Services**      represented by    **Jessie Laura Pellant**
(See above for address)
*ATTORNEY TO BE NOTICED*

   **Matthew Charles Williamson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Andrew Colwell**      represented by    **Richard P. Liebowitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| 10/30/2018 | 1 | COMPLAINT against Eleven Creative Services (Filing fee $ 400,Receipt Number 1082−6372407)Attorney Richard Liebowitz added to party Andrew Colwell(pty:pla), filed by Andrew Colwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Summons, # 6 Civil Cover Sheet, # 7 Copyright Form)(Liebowitz, Richard) (Entered: 10/30/2018) |
| 10/30/2018 | 2 | Report re Copyright: Report on the filing of an action emailed separately to the Director of the Copyright Office. (cmadr, ) (Entered: 10/31/2018) |
| 10/30/2018 | 3 | Case assigned to Judge Christine M. Arguello and drawn to Magistrate Judge Scott T. Varholak. Text Only Entry (cmadr, ) (Entered: 10/31/2018) |
| 10/31/2018 | 4 | SUMMONS issued by Clerk. (Attachments: # 1 Magistrate Judge Consent Form) (cmadr, ) (Entered: 10/31/2018) |
| 10/31/2018 | 5 | ORDER REFERRING CASE to Magistrate Judge Scott T. Varholak. Magistrate Judge Varholak is designated to conduct NDISPO proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). The parties should expect to be given a firm trial setting that is 90 to 120 days from the date of the final pretrial conference, and should be available for trial accordingly. FURTHER, Court−sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, the Court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. SO ORDERED by Judge Christine M. Arguello on 10/31/2018. Text Only Entry (cmasec) (Entered: 10/31/2018) |
| 11/01/2018 | 6 | ORDER Setting Scheduling Conference; Scheduling Conference set for 2/1/2019 09:00 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. On or before January 25, 2019, the parties shall file a joint proposed schedulingorder in the form required pursuant to D.C.COLO.LCivR 16.2, by Magistrate Judge Scott T. Varholak on 11/1/18. (morti, ) (Entered: 11/01/2018) |
| 12/11/2018 | 7 | SUMMONS Returned Executed by Andrew Colwell. Eleven Creative Services served on 12/3/2018, answer due 12/24/2018. (Liebowitz, Richard) (Entered: 12/11/2018) |
| 12/21/2018 | 8 | MOTION for 30 Day Extension of Time to File Answer or Otherwise Respond re 1 Complaint, by Defendant Eleven Creative Services. (athom, ) (Entered: 12/21/2018) |
| 12/24/2018 | 9 | MEMORANDUM regarding 8 MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint, filed by Eleven Creative Services. Motions referred to Magistrate Judge Scott T. Varholak by Judge Christine M. Arguello on 12/24/2018. Text Only Entry (cmasec) (Entered: 12/24/2018) |
| 12/24/2018 | 11 | ANSWER to Summons in Civil Action re 1 Complaint, by Eleven Creative Services. (athom, ) (Entered: 12/26/2018) |
| 12/26/2018 | 10 | ORDER striking 8 Defendant's Motion for 30−Day Extension (the "Motion"). No attorney has yet appeared on behalf of Defendant Eleven Creative Services LLC and the Motion does not appear to have been signed or filed by an attorney. "It has been the law for the better part of two centuries... that a corporation may appear in the federal courts only through licensed counsel" and "the rationale for that rule applies equally to all artificial entities." Roscoe v. United States, 134 F. App'x 226, 227 (10th Cir. 2005) (internal quotation omitted). Defendant thus may only appear in this matter through counsel and the Motion therefore is STRICKEN. The Court notes that the Motion also fails to comply with the conferral requirement of D.C.COLO.LCivR 7.1(a). To the extent the parties agree to extend the response deadline so that they may attempt to work out a resolution prior to Defendant entering its appearance, the Court notes that the parties may stipulate to a 21−day extension without an order of the Court pursuant to D.C.COLO.LCivR 6.1(a) or Plaintiff may file a motion seeking to extend the deadline for Defendant to respond. SO ORDERED, by Magistrate Judge Scott T. Varholak on 12/26/2018. Text Only Entry (stvlc1, ) (Entered: 12/26/2018) |
| 01/28/2019 | 12 | NOTICE of Entry of Appearance by Jessie Laura Pellant on behalf of Eleven Creative ServicesAttorney Jessie Laura Pellant added to party Eleven Creative Services(pty:dft) (Pellant, Jessie) (Entered: 01/28/2019) |

| 01/28/2019 | 13 | NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 12 Notice of Entry of Appearance filed by attorney Jessie Laura Pellant. Attorney has failed to comply with D.C.COLO.LCivR5.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Civil Cases), which mandate the correct form for an attorneys signature block. This document does not have a s/ signature and must be re−filed. Also counsel must submit a change of contact request through the Attorney Services Portal Account pursuant to D.C.COLO.LAttyR 5(c) and 3.5 of the Electronic Case Filing Procedures (Civil cases). (Text Only Entry) (athom, ) (Entered: 01/28/2019) |
| 01/28/2019 | 14 | MINUTE ORDER In light of defense counsel's recent 12 Notice of Entry of Appearance and given that the parties have not yet submitted the joint proposed scheduling order that was due 1/25/2019, the Scheduling Conference set for 2/1/2019 09:00 AM is VACATED and RESET for 3/1/2019 10:30 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. The parties shall submit a joint proposed scheduling order on or before 2/22/2019. SO ORDERED, by Magistrate Judge Scott T. Varholak on 1/28/2019. Text Only Entry (stvlc1, ) (Entered: 01/28/2019) |
| 01/28/2019 | 15 | NOTICE of Entry of Appearance by Jessie Laura Pellant on behalf of Eleven Creative ServicesAttorney Jessie Laura Pellant added to party Eleven Creative Services(pty:dft) (Pellant, Jessie) (Entered: 01/28/2019) |
| 02/22/2019 | 16 | Proposed Scheduling Order by Plaintiff Andrew Colwell. (Liebowitz, Richard) (Entered: 02/22/2019) |
| 02/22/2019 | 17 | MOTION for Leave to Appear *Telephonically for the Initial Conference* by Plaintiff Andrew Colwell. (Liebowitz, Richard) (Entered: 02/22/2019) |
| 02/25/2019 | 18 | MEMORANDUM regarding 17 MOTION for Leave to Appear *Telephonically for the Initial Conference* filed by Andrew Colwell. Motion referred to Magistrate Judge Scott T. Varholak by Judge Christine M. Arguello on 2/25/2019. Text Only Entry (cmasec) (Entered: 02/25/2019) |
| 02/25/2019 | 19 | ORDER granting 17 Motion for Leave to Appear Telephonically for the Initial Conference. The parties may participate in the Scheduling Conference set for 3/1/2019 10:30 AM telephonically by initiating a call among all individuals participating by phone and then calling the Court at 303.335.2365 at the scheduled time. SO ORDERED, by Magistrate Judge Scott T. Varholak on 2/25/2019. Text Only Entry (stvlc1, ) (Entered: 02/25/2019) |
| 02/25/2019 | 20 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 17 MOTION for Leave to Appear *Telephonically for the Initial Conference* filed by attorney Richard Liebowitz. The format for the attorneys signature block is not correct. **DO NOT REFILE THE DOCUMENT. Action to take** − future documents must be filed pursuant to D.C.COLO.LCivR 5.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Civil Cases). Also the document is incorrectly formatted. **DO NOT REFILE THE DOCUMENT. Action to take** − future documents must be filed pursuant to D.C.COLO.LCivR 10.1 (Text Only Entry) (athom, ) (Entered: 02/25/2019) |
| 03/01/2019 | 21 | MINUTE ENTRY for Scheduling Conference held before Magistrate Judge Scott T. Varholak on 3/1/2019. Discovery due by 8/2/2019. Dispositive Motions due by 8/30/2019. Final Pretrial Conference set for 10/28/2019 10:00 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. FTR: STV − 402. (morti, ) (Entered: 03/01/2019) |
| 03/01/2019 | 22 | SCHEDULING ORDER: by Magistrate Judge Scott T. Varholak on 3/1/19. (morti, ) (Entered: 03/01/2019) |
| 03/04/2019 | 23 | NOTICE of Filing Amended Pleading *Notice of Filing Unopposed Amended Answer and Counterclaim* by Defendant Eleven Creative Services (Pellant, Jessie) (Entered: 03/04/2019) |
| 03/04/2019 | 24 | *Amended* ANSWER to 1 Complaint, *and*, COUNTERCLAIM against Andrew Colwell by Eleven Creative Services.(Pellant, Jessie) (Entered: 03/04/2019) |
| 03/25/2019 | 25 | ANSWER/REPLY to 24 Answer to Complaint, Counterclaim by Andrew Colwell.(Liebowitz, Richard) (Entered: 03/25/2019) |

| 05/15/2019 | 26 | MINUTE ORDER. Due to a conflict on the Court's calendar, the Final Pretrial Conference set for 10/28/2019 10:00 AM is VACATED and RESET for 11/4/2019 10:30 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. SO ORDERED, by Magistrate Judge Scott T. Varholak on 5/15/2019. Text Only Entry (stvlc2, ) (Entered: 05/15/2019) |
| 06/05/2019 | 27 | MINUTE ORDER. Due to a conflict on the Court's calendar, the Final Pretrial Conference set for 11/4/2019 10:30 AM is VACATED and RESET for 10/31/2019 10:30 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. The parties shall file a proposed pretrial order on or before 10/24/2019. SO ORDERED, by Magistrate Judge Scott T. Varholak on 6/5/2019. Text Only Entry (stvlc2, ) (Entered: 06/05/2019) |
| 07/15/2019 | 28 | NOTICE of Entry of Appearance by Matthew Charles Williamson on behalf of Eleven Creative ServicesAttorney Matthew Charles Williamson added to party Eleven Creative Services(pty:cc), Attorney Matthew Charles Williamson added to party Eleven Creative Services(pty:dft) (Williamson, Matthew) (Entered: 07/15/2019) |
| 07/15/2019 | 29 | STIPULATION *and Protective Order* by Plaintiff Andrew Colwell, Counter Defendant Andrew Colwell. (Liebowitz, Richard) (Entered: 07/15/2019) |
| 08/01/2019 | 30 | STIPULATION of Dismissal of Claims by Plaintiff Andrew Colwell, Counter Defendant Andrew Colwell. (Liebowitz, Richard) (Modified on 8/1/2019 edited the text to reflect that this is a Dismissal of claims and not the Case)(evana, ). (Entered: 08/01/2019) |
| 08/01/2019 | 31 | **DOCKETING ERROR** Civil Case Terminated pursuant to the Parties' 30 Stipulation of Dismissal with Prejudice filed in this case. Text Only Entry (cmalc2) (Modified on 8/1/2019 Case was termed in error)(evana, ). (Entered: 08/01/2019) |
| 08/12/2019 | 32 | MOTION for Attorney Fees *and Costs* by Defendant Eleven Creative Services. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Pellant, Jessie) (Entered: 08/12/2019) |
| 08/26/2019 | 33 | BRIEF in Opposition to 32 MOTION for Attorney Fees *and Costs* filed by Plaintiff Andrew Colwell. (Liebowitz, Richard) (Entered: 08/26/2019) |
| 08/26/2019 | 34 | DECLARATION to 33 Brief in Opposition filed by Plaintiff Andrew Colwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Liebowitz, Richard) (Modified on 8/27/2019 edited the title of the text to reflect the title of the document filed)(evana, ). (Entered: 08/26/2019) |
| 09/06/2019 | 35 | REPLY to Response to 32 MOTION for Attorney Fees and Costs filed by Counter Claimant Eleven Creative Services, Defendant Eleven Creative Services. (Attachments: # 1 Exhibit A)(Williamson, Matthew) (Entered: 09/06/2019) |
| 09/06/2019 | 36 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 35 Reply to Response to Motion filed by attorney Jessie Laura Pellant. The s/signature did not match the filers name on the account for which the login and password are registered. **DO NOT REFILE THE DOCUMENT.** **Action to take** − future documents must be filed pursuant to D.C.COLO.LCivR 5.1(a) and 4.3(c) of the Electronic Case Filing Procedures (Civil cases).(Text Only Entry) (evana, ) (Entered: 09/10/2019) |
| 10/11/2019 | 37 | ADVISORY NOTICE TO ATTORNEY AND COURT: Under D.C.COLO.LAttyR 3(a), RICHARD LIEBOWITZ was administratively removed from the court's attorney roll and barred from filing electronically under CM/ECF for failing to pay the 2018 Biennial Fee. Counsel has also failed to comply with provisions of the Electronic Case Filing Procedures (Civil Version 6.1) in cases before the District Court. Counsel must complete a Bar/ECF application through counsel's Attorney Services Portal account and pay the full application fee to be restored to the attorney roll and CM/ECF. Upon reinstatement, counsel must file a Notice of Entry of Appearance in this case. (Text Only Entry) (mfred) (Entered: 10/11/2019) |
| 10/11/2019 | 38 | ADVISORY NOTICE TO ATTORNEY AND COURT: Under D.C.COLO.LAttyR 3(a), RICHARD LIEBOWITZ was administratively removed from the court's attorney roll and barred from filing electronically under CM/ECF for failing to pay the 2018 Biennial Fee. Counsel must complete a Bar/ECF application through counsel's |

| | | |
|---|---|---|
| | | Attorney Services Portal account and pay the full application fee to be restored to the attorney roll and CM/ECF. Upon reinstatement, counsel must file a Notice of Entry of Appearance in this case. (Text Only Entry) (mfred) (Entered: 10/11/2019) |
| 10/29/2019 | 39 | Unopposed MOTION to Continue *Final Pretrial Conference* by Counter Claimant Eleven Creative Services, Defendant Eleven Creative Services. (Williamson, Matthew) (Entered: 10/29/2019) |
| 10/29/2019 | 40 | MEMORANDUM regarding 39 Unopposed MOTION to Continue *Final Pretrial Conference* filed by Eleven Creative Services. Motion referred to Magistrate Judge Scott T. Varholak by Judge Christine M. Arguello on 10/29/2019. Text Only Entry (cmalc2) (Entered: 10/29/2019) |
| 10/29/2019 | 41 | ORDER granting 39 Defendant's Motion to Continue Final Pretrial Conference. The Final Pretrial Conference set for 10/31/2019 10:30 AM is VACATED, to be reset, if necessary, after a ruling on 32 Defendant's Motion for Award of Attorneys' Fees and Costs (the "Motion for Fees"). Within 10 days after a ruling on the Motion for Fees, the parties shall file a joint status report. SO ORDERED, by Magistrate Judge Scott T. Varholak on 10/29/2019. Text Only Entry(stvlc1, ) (Entered: 10/29/2019) |
| 11/27/2019 | 42 | NOTICE of Entry of Appearance by Richard P. Liebowitz on behalf of Andrew Colwell (Liebowitz, Richard) (Entered: 11/27/2019) |
| 01/26/2020 | 43 | ORDER Denying 32 Defendant's Motion for Award of Attorney's Fees and Costs, by Judge Christine M. Arguello on 1/25/2020.(evana, ) (Entered: 01/26/2020) |
| 02/10/2020 | 44 | MINUTE ORDER Pursuant to 41 Order granting 39 Defendant's Motion to Continue Final Pretrial Conference, the parties were ordered to file a joint status report within 10 days after a ruling on 32 Defendant's Motion for Award of Attorneys' Fees and Costs (the "Motion for Fees"). 43 Order Denying 32 Motion for Fees was entered by the Court on 1/26/2020, but the parties have not yet filed the required Status Report. On or before 2/14/2020, the parties shall file a Status Report indicating whether the Court should set this matter for a Final Pretrial Conference. SO ORDERED, by Magistrate Judge Scott T. Varholak on 2/10/2020. Text Only Entry (stvlc1, ) (Entered: 02/10/2020) |
| 02/14/2020 | 45 | Joint STATUS REPORT by Counter Claimant Eleven Creative Services, Defendant Eleven Creative Services. (Williamson, Matthew) (Entered: 02/14/2020) |
| 02/25/2020 | 46 | NOTICE OF APPEAL as to 43 Order on Motion for Attorney Fees by Counter Claimant Eleven Creative Services, Defendant Eleven Creative Services (Filing fee $ 505). (Williamson, Matthew) (Entered: 02/25/2020) |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

      Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

      Defendant.

---

### MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

---

Defendant Eleven Creative Services, LLC ("11Creative") by and through its undersigned counsel, hereby submits this Motion for Award of Attorneys' Fees and Costs pursuant to Fed. R. Civ. P. 54(d)(2), D.C.Colo.LCivR 54.3, and 17 U.S.C. § 505. Defendant 11Creative requests an award of attorneys' fees, costs and expenses in the amount of $26,448.25 incurred through midday August 11, 2019.  Defendant 11Creative reserves the right to submit a supplemental motion for any later fees or costs.

### <u>Certificate of Compliance with D.C.COLO.LCivR 7.1(a)</u>

Counsel for moving party has conferred with opposing counsel regarding this Motion and opposing counsel has indicated they will oppose.

## **Background**

On October 30, 2018 the Plaintiff filed the above entitled action for copyright infringement against 11Creative without a phone call or cease and desist letter prior to filing.  Plaintiff filed this action for copyright infringement after entering into both a verbal and written license agreement with 11Creative, but he simply "forgot" he had entered into the agreements.  Co-founder of 11Creative, Patrick Culligan reached out to the Plaintiff in an effort to resolve any confusion and discuss the merits of the case. Mr. Culligan also discussed the case with opposing counsel making it clear that litigation was not necessary directly following the filing of the action and his discussion with the Plaintiff.  But it was not until after the deposition and hard evidence was disclosed that the Plaintiff voluntarily dismissed the action against 11Creative.

On August 1, 2019, Plaintiff Andrew Colwell voluntarily dismissed all claims in the above entitled copyright action against Defendant 11Creative.  The Plaintiff's dismissal of the action with prejudice legally makes Defendant 11Creative the prevailing party for the purpose of awarding attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## **Legal Authority**

"In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  "[T]he Tenth Circuit, like the majority of federal courts has ruled that a plaintiff's

dismissal of its complaint renders the defendant is the prevailing party for purposes

of costs.  *Capitol Records, Inc. v. Foster*, 2006 U.S. Dist. LEXIS 96349, at 13 (W.D.

Okla. July 13, 2006).  Citing *Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021,* 69

F.3d 456, 457 (10th Cir. 1995); *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d

533, 539 (5th Cir. 1990); 10 C. Wright, A. Miller and M. Kane, Federal Practice and

Procedure § 2667 (3rd ed. 1998).  "As the prevailing party [a defendant] is eligible for

an award of attorneys' fees pursuant to § 505 of the Copyrights Act."  *Id* at 14.

"[P]revailing plaintiffs and defendants in the copyright context "are to be treated

alike," and "attorney's fees are to be awarded to prevailing parties only as a matter of

the court's discretion."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, 114 S. Ct. 1023,

1034 (1994) (determining the defendant is to be awarded fees without a showing that

the plaintiff's action was frivolous, unreasonable or without foundation in comparison

to the attorney fee provision of Title VII of the Civil Rights Act, finding the plaintiff and

defendant are not to be treated differently.)

### Discussion

On August 1, 2019, Plaintiff Andrew Colwell voluntarily dismissed all claims in

the above entitled copyright action against Defendant 11Creative.  11Creative is the

prevailing party in this case and therefore the Court may in its discretion award full

costs and award reasonable attorney fees to 11Creative as the prevailing party.

11Creative attaches to this Motion a full record of all of the time spent by attorneys at

StudioIP on the defense of 11Creative, attached hereto as Exhibit A.  The record is

accompanied by an affidavit and declaration of the attorneys Jessie Pellant and

Matthew Williamson verifying the time spent, reasonableness of the time and hourly rates that were charged to 11Creative for the services provided, attached hereto as Exhibit B. Stephen Horace, a seasoned litigator of 30 years also submits a declaration in support of this motion to verify the reasonableness of the fees and the hourly rate charged by StudioIP to evidence the hourly rates charged are below market rates in Denver for intellectual property attorneys, attached hereto as Exhibit C.  As the affidavits support, the hourly rate charged was at a reduced rate to accommodate the startup nature of 11Creative and there was a lot of time that was expended on behalf of 11Creative at zero cost to them also in an effort to accommodate their budget. StudioIP maintains that the fees and costs expended in this matter are reasonable, necessary and substantiated due to the legal status of 11Creative as the prevailing party.  While there is no need to further discuss the merits of the case or the behavior of those involved, the Defendant would be remised if the facts further justifying an award of attorney fees were not raised.

Bringing this lawsuit against the Defendant 11Creative was careless, both on the part of the Plaintiff himself (who simply did not remember the facts surrounding the event whatsoever) and his counsel.  See highlighted excerpts of Andrew Colwell's deposition, attached hereto as Exhibit D.  Counsel for the Plaintiff has a duty to properly investigate the merits of the claims asserted.  Plaintiff's counsel, Mr. Liebowitz, is a "known copyright 'troll'," frequently the subject of sanctions for failing to comply with court orders and both federal and local rules of civil procedure, as well as for attempts to increase costs and to extort unreasonable settlements.  See *Pereira v.*

*3072541 Can. Inc.*, No. 17-CV-6945 (RA), 2018 U.S. Dist. LEXIS 195406, at *7

(S.D.N.Y. Nov. 15, 2018) (citing *McDermott v. Monday Monday, LLC*, No.

17cv9230(DLC), 2018 U.S. Dist. LEXIS 28664, at *8 (S.D.N.Y. Feb. 22, 2018); see

also *Rice v. NBC Universal Media LLC*, No. 19-CV-447 (JMF), 2019 U.S. Dist. LEXIS

114690, at *1 (S.D.N.Y. July 10, 2019); *Steeger v. JMS Cleaning Servs., LLC*, No. 17-

CV-8013 (DLC), 2018 U.S. Dist. LEXIS 42797, 2018 WL 1363497, at *3 (S.D.N.Y.

March 15, 2018); *Craig v. UMG Recordings, Inc.*, No. 16-CV-5439 (JPO), 2019 U.S.

Dist. LEXIS 53973, 2019 WL 1432929, at *10 (S.D.N.Y. Mar. 29, 2019).

During his deposition Plaintiff simply stated he "could not remember" any

details related to the event he photographed in 2017 giving rise to the photographs at

issue in this case.  See Exhibit D.  When asked if he signed an agreement or made an

oral contract, was showed various places in which to photograph the event, what

access he was granted, or what people he spoke with at the event, he verified his

signature and stated it is likely or possible he had conversations related to the photos

but that he just could not remember. *Id* at p.29.  He had no idea the name of the

person he filed suit against and could not "remember" his name or likeness from the

Denver Mini Derby in 2017.  *Id* at 26.  This type of irresponsibility should be noted by

the Court as it is an unnecessary waste of judicial resources.  On numerous occasions

11Creative noted to counsel that if only the Plaintiff had reached out to him with even

a phone call, let alone a cease and desist letter, the matter could have easily been

resolved.

It is a dangerous proposition to allow someone to bestow rights upon others,

only to "forget" that they bestowed those rights and pursue action against those very same people without any basis simply because they cannot "remember" the circumstances.  That is why mediation, negotiation, and the practice of cease and desist letters exist.  That is all part of an attorney's Fed. R. Civ. P. 11 obligation to mitigate any possible costs and damages to all the parties involved while understanding and unearthing the facts of the matter at hand to ensure the court is not overseeing frivolous litigation.  After the case was filed, Mr. Culligan reached out to the Plaintiff, only to be stonewalled and disregarded.  Mr. Culligan relayed his position and evidence to opposing counsel when he reached out to him concerning the case, which offered no change in the position of the Plaintiff.

The settlement offers provided to 11Creative were exorbitant compared to the overall possible award (of actual damages) on the table in this case.  Plaintiff's counsel attempted to use litigation "scare tactics' to inflate costs and force an unreasonable settlement, including noticing (without consulting Defendant's counsel in violation of D.C.Colo.LCivR 30.1) eight (8) separate full-day depositions of 11Creative's witnesses in his New York office, when this Court and all parties and witnesses reside in Colorado.

It is undisputed that the photographs at issue were first published May 6, 2017 and the copyright was registered May 10, 2018. 17 U.S.C. § 412 requires that a copyright be registered within 3 months of the date of the first publication in order to be availed of statutory damages.  Therefore, statutory damages are not available in this case, and the Plaintiff on the best day in court could only hope to recoup actual

damages even if infringement had occurred.  The evidence of licensing fees that was

within the Plaintiff's knowledge and control throughout the entire case, evidences that

the Plaintiff was paid $261 dollars by the Denver Post for use of its photos.  Other

evidence, again within the entire control of the Plaintiff, also evidences a contemplated

offer of a perpetual license for $250.  Conversely, 11Creative provided evidence that

the complimentary access given to the Plaintiff was valued around that same amount

as the Plaintiff's licensing fees.  Therefore, any offers to settle for tens of thousands of

dollars were not in good faith given the circumstances of the case.

        At the outset of the case in its initial disclosures 11Creative provided the

Plaintiff with eight (8) witness affidavits testifying to the agreement between the

11Creative and the Plaintiff.  As the depositions approached and 11Creative

understood the case was not going to settle and further discovery was necessary to

try and obtain the written document that Mr. Culligan truly believed existed, Mr.

Culligan had his parents back in Tennessee start to look through all boxes of

documents from old events held in previous years and a written contract was found

that existed between 11Creative and Plaintiff.  The moment counsel for 11Creative

became aware of the possible existence of the document counsel for the Plaintiff was

notified.  While 11Creative was unable to produce said document in the early days of

litigation due to a lack of electronic record keeping, Plaintiff's counsel was made

aware of its existence during the above-mentioned phone conversation with Mr.

Culligan directly following the filing of the Complaint.  Mr. Culligan reiterated the fact

that he explicitly told Mr. Liebowitz about the document during his deposition "I told

you in December when you and I talked on the phone that it existed" and "…for the record, I told you it existed over and over and over.  You knew it existed."  See highlighted excerpts of Patrick Culligan's deposition attached hereto as Exhibit E.

Throughout this litigation 11Creative was transparent and produced all requested and relevant evidence as soon as it was due and/or available to produce. After several months of manually searching for the signed document, the document was found and FedExed overnight, at great expense, to 11Creative, who immediately produced the document to Plaintiff, before the discovery deadline.  Conversely, the Plaintiff had been served discovery on April 5, 2019, requested extensions and then continued not to produce anything relevant until July 24, 2019, a mere few days prior to the July 29, 2019 depositions.  Both the documents provided and Plaintiff's own testimony at deposition contradicted Plaintiff's responses to Admissions, Interrogatories and Requests for Production which had all previously been served and responded to, again with extensions provided.  All of this is simply to evidence and support that at several turns, the Plaintiff could have paid attention to the facts of the case and discussed the facts with the Defendant in an effort to resolve this matter in an expedient and efficient manner.

## Conclusion

The District Court has discretion to award attorneys' fees and costs to the prevailing party under § 505 of the Copyright Act.  Defendants should not shy away from properly defending themselves, yet many do.  It is counsel's hope that the Court continue to support those defendants who are forced to defend meritless claims by

providing legal precedent to support the finding of attorneys' fees to those

Defendants deemed the prevailing parties under 17 U.S.C. § 505.  Therefore,

Defendant Eleven Creative Services, LLC's requests all of its attorney fees and costs

expended during its defense in this Motion for Award of Attorney Fees and Costs.

DATED in Denver, Colorado this 12th day of August, 2019.

s/ Jessie Laura Pellant
***Jessie Laura Pellant***
***Matthew Charles Williamson***
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com
          mwilliamson@studioiplaw.com
Attorneys for Defendant Eleven Creative
Services, LLC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2019, I electronically filed the
foregoing MOTION FOR AWARD OF ATTORNEY FEES AND COSTS with the Clerk
of the Court using the CM/ECF system which will send notification of such filing to the
attorneys for all parties.

s/ Jessie Laura Pellant
***Jessie Laura Pellant***
***Matthew Charles Williamson***
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com
      mwilliamson@studioiplaw.com
Attorneys for Defendant Eleven Creative
Services, LLC.

EXHIBIT A

# Client Activity Report (08/12/2019)

Dates: 10/01/2018 - 08/11/2019

Eleven Creative Services

00120-Eleven Creative Services: Andrew Colwell v. Eleven Creative Services (StudioIP Law, LLC)

| Date | Status | User | Description | Note | Quantity | Price | Total |
|------|--------|------|-------------|------|----------|-------|-------|
| 07/31/2019 | Billed | Matt Williamson | | Receive and review opposing counsel's proposed dismissal; discuss options and next steps with P. Culligan; respond to opposing counsel requesting they add a dismissal of the counterclaims to the proposed stipulation. | 0.40 | $275.00 | $110.00 |
| 07/31/2019 | Billed | StudioIP Law, LLC | | Investigate supportive case law regarding attorney fees awards in copyright cases; begin draft of motion for attorney fees laying out facts supportive of an award | 2.60 | $300.00 | $780.00 |
| 07/31/2019 | Billed | StudioIP Law, LLC | | Discuss dismissal proposition with M. Williamson; response and advise as to counsel with P. Culligan regarding the same | 0.40 | $300.00 | $120.00 |
| 07/29/2019 | Billed | StudioIP Law, LLC | | Correspond with R. Liebowitz regarding possible dismissal terms and negotiations following depositions | 0.30 | $300.00 | $90.00 |
| 07/29/2019 | Billed | StudioIP Law, LLC | | Attend, defend and take depositions on behalf of 11creative; lead time for preparing exhibits; receive and analyze documentation received; email counsel regarding upcoming disclosure | 9.50 | $300.00 | $2,850.00 |
| 07/29/2019 | Billed | Matt Williamson | | Attend, take, and defend depositions | 8.50 | $275.00 | $2,337.50 |
| 07/29/2019 | Billed | StudioIP Law, LLC | | Conference room day rental for deposition | 1.00 | $270.00 | $270.00 |
| 07/29/2019 | Billed | StudioIP Law, LLC | | Overnight Federal Express shipping from Tenessee | 1.00 | $109.00 | $109.00 |
| 07/28/2019 | Billed | StudioIP Law, LLC | | Calls with P. Culligan regarding deposition and possible document discovery; draft outline and prepare exhibits for deposition Monday | 3.20 | $300.00 | $960.00 |
| 07/28/2019 | Billed | StudioIP Law, LLC | | Call with L. Spruce and P. Culligan in furtherance of deposition preparation | 0.50 | $0.00 | $0.00 |
| 07/27/2019 | Billed | StudioIP Law, LLC | | Correspond with P. Culligan regarding discovery and possible boxes found with relevant documentation | 0.30 | $0.00 | $0.00 |
| 07/25/2019 | Billed | StudioIP Law, LLC | | Review and discuss discovery documentation disclosed with M. Williamson | 0.70 | $0.00 | $0.00 |
| 07/25/2019 | Billed | Matt Williamson | | Receive and review discovery documents from opposing counsel sent 7/24 | 0.20 | $275.00 | $55.00 |

| Date | | Biller | Description | Hours | Rate | Amount |
|------|---|--------|-------------|-------|------|--------|
| 07/25/2019 | Billed | StudioIP Law, LLC | Meet with L. Spruce and P. Culligan of 11Creative regarding depositions for 4 hours; email regarding big picture items and investigate cases supportive of position | 6.10 | $300.00 | $1,830.00 |
| 07/25/2019 | Billed | Matt Williamson | Deposition prep meeting with P. Culligan and L. Spruce | 4.00 | $275.00 | $1,100.00 |
| 07/24/2019 | Billed | Matt Williamson | Draft claims and defenses outline for use during depositions/prep . | 1.50 | $275.00 | $412.50 |
| 07/23/2019 | Billed | Matt Williamson | Receive and review responsive discovery documents from opposing counsel; Gather and prepare (bates number) Mini derby attendee documentation for third set of supplemental disclosures; Draft email to opposing counsel requesting an update on documents yet to be disclosed, confirming deposition details, and delivering said supplemental disclosures | 1.10 | $275.00 | $302.50 |
| 07/19/2019 | Billed | StudioIP Law, LLC | Call with P. Culligan regarding case; status, strategy and pending depositions | 0.80 | $0.00 | $0.00 |
| 07/18/2019 | Billed | Matt Williamson | Send 11Creative's Second Set of Supplemental Disclosures to opposing counsel | 0.10 | $275.00 | $27.50 |
| 07/18/2019 | Billed | Matt Williamson | Email L. Spruce and P. Culligan regarding any other emails sent containing the photographs | 0.10 | $0.00 | $0.00 |
| 07/16/2019 | Billed | Matt Williamson | Draft Second Set of Supplemental Disclosures doc and bates number the corresponding responsive documents | 0.50 | $275.00 | $137.50 |
| 07/16/2019 | Billed | Matt Williamson | Rspond to L. Spruce via email regarding deposition preparations | 0.20 | $0.00 | $0.00 |
| 07/15/2019 | Billed | Matt Williamson | Correspond with opposing counsel inquiring into the status of yet to be produced documents and deposition notices. | 0.60 | $275.00 | $165.00 |
| 07/12/2019 | Billed | Matt Williamson | Receive and review Plaintiff's document production and response to the second set of interrogatories; draft email/letter to opposing counsel regarding deficiencies in their discovery responses and serving notice of deposition to Andrew Colwell | 0.80 | $275.00 | $220.00 |
| 07/10/2019 | Billed | Matt Williamson | Draft Notice of Deposition of Andrew Colwell and consent letter regarding representation of iHeart Media | 0.80 | $275.00 | $220.00 |
| 07/08/2019 | Billed | Matt Williamson | Respond to opposing counsel regarding filing of the proposed protective order. | 0.10 | $275.00 | $27.50 |
| 07/02/2019 | Billed | Matt Williamson | Correspond with opposing counsel regarding deposition scheduling on July 29th | 0.10 | $275.00 | $27.50 |
| 06/27/2019 | Billed | Matt Williamson | Call with P. Culligan and L. Spruce regarding Colwell's settlement offer | 0.80 | $0.00 | $0.00 |

| Date | | Biller | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 06/27/2019 | Billed | Matt Williamson | Draft response email to opposing counsel regarding Mr. Colwell's settlement offer, 11C's counter offer, and requesting dates for Mr. Colwell's deposition. | 0.50 | $275.00 | $137.50 |
| 06/14/2019 | Billed | Matt Williamson | Email opposing counsel requesting an update on the revised Protective Order and our document requests. | 0.10 | $275.00 | $27.50 |
| 06/07/2019 | Billed | Matt Williamson | Draft Defendant's Second Set of Interrogatory Requests document; send to opposing counsel | 0.40 | $275.00 | $110.00 |
| 05/30/2019 | Billed | Matt Williamson | Send redlined proposed Protective Order to opposing counsel for review. | 0.10 | $275.00 | $27.50 |
| 05/28/2019 | Billed | Matt Williamson | Email opposing counsel requesting their initial disclosure supporting documents. | 0.10 | $0.00 | $0.00 |
| 05/28/2019 | Billed | Matt Williamson | Receive and review proposed Protective Order from opposing counsel. Revise per notes from J. Pellant. | 0.70 | $275.00 | $192.50 |
| 05/27/2019 | Billed | StudioIP Law, LLC | Analyze discovery responses received from Plaintiff; plan out last interrogatory to request from Plaintiff | 0.60 | $300.00 | $180.00 |
| 05/23/2019 | Billed | Matt Williamson | email notes and responses to defendant's discovery responses to J. Pellant in preparation for response letter; follow-up email to L. Spruce regarding attendance sheets | 0.20 | $0.00 | $0.00 |
| 05/22/2019 | Billed | Matt Williamson | Make notes for responses to each objection or deficiently answered discover response. Begin letter to opposing counsel regarding said deficiencies. | 1.80 | $275.00 | $495.00 |
| 05/21/2019 | Billed | Matt Williamson | Receive and review Plaintiff's responses to Defendant's discovery requests; begin preparing responses to Plaintiff's objections | 0.90 | $275.00 | $247.50 |
| 05/21/2019 | Billed | Matt Williamson | Email P. Culligan requesting 2017 Mini Derby attendance records | 0.10 | $0.00 | $0.00 |
| 05/02/2019 | Billed | Matt Williamson | Investigate potential of a motion for summary judgement based on section 412 of the copyright act. | 0.60 | $275.00 | $165.00 |
| 04/24/2019 | Billed | Matt Williamson | Correspond with opposing counsel regarding deposition scheduling and timely notices of deposition | 0.50 | $275.00 | $137.50 |
| 04/16/2019 | Billed | Matt Williamson | Correspond with P. Culligan and opposing counsel regarding deposition scheduling. | 0.30 | $275.00 | $82.50 |
| 04/12/2019 | Billed | Matt Williamson | Gather and bates no. document discovery. Finalize responses to first set of discovery requests. Send Discovery documents and supplemental disclosures to opposing counsel | 2.10 | $275.00 | $577.50 |
| 04/12/2019 | Billed | StudioIP Law, LLC | Review and revise responses to discovery; provide objections and responses | 2.70 | $300.00 | $810.00 |
| 04/10/2019 | Billed | Matt Williamson | Correspond with Lacey regarding information and documentation needed for discovery responses. Continue preparing the responses and send drafts to J. Pellant for input. | 0.40 | $275.00 | $110.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 04/09/2019 | Billed | Matt Williamson | Review Plaintiff's Document Requests and begin drafting Response to Plaintiff's First Set of Requests for Document Production | 1.90 | $275.00 | $522.50 |
| 04/08/2019 | Billed | Matt Williamson | Email Patrick and Lacey asking for a Document Request update | 0.10 | $0.00 | $0.00 |
| 04/08/2019 | Billed | Matt Williamson | Review Patrick and Lacey's responses to First Set of Interrogatories and begin drafting the official response document. | 1.10 | $275.00 | $302.50 |
| 04/05/2019 | Billed | Matt Williamson | Call w P. Culligan regarding answers to discovery requests and depositions. | 0.20 | $0.00 | $0.00 |
| 04/05/2019 | Billed | Matt Williamson | Respond to L. Spruce's website question for Interrogatory responses and inquire into status of deposition scheduling efforts. | 0.10 | $0.00 | $0.00 |
| 04/05/2019 | Billed | StudioIP Law, LLC | Revise and review requests for discovery keeping in mind strategy and overall positioning | 1.20 | $300.00 | $360.00 |
| 04/05/2019 | Billed | Matt Williamson | Finalize Defendant's First Set of Interrogatory and Document Requests; Draft Defendant's First Set of Admission Requests; Send all discovery requests to opposing counsel | 2.50 | $275.00 | $687.50 |
| 04/04/2019 | Billed | StudioIP Law, LLC | Revise and edit first set of discovery requests, first set of interrogatories and draft first set of admissions for review and editing by M. Williamson | 1.20 | $300.00 | $360.00 |
| 04/02/2019 | Billed | Matt Williamson | Finish first draft of Defendant's First Sets of Interrogatory Requests and Document Production Requests. Send to J. Pellant for review. | 0.60 | $275.00 | $165.00 |
| 04/01/2019 | Billed | Matt Williamson | Continue drafting Defendant's First Requests for Document Production. | 0.60 | $275.00 | $165.00 |
| 03/27/2019 | Billed | Matt Williamson | Begin drafting Defendant's First Set of Interrogatories and Document Requests. | 1.00 | $275.00 | $275.00 |
| 03/27/2019 | Billed | Matt Williamson | Correspond with opposing counsel to request A. Colwell's availability for deposition | 0.10 | $275.00 | $27.50 |
| 03/27/2019 | Billed | Matt Williamson | Call with P. Culligan to confirm that we are to draft and send Defendant's Interrogatory and document production requests | 0.10 | $0.00 | $0.00 |
| 03/26/2019 | Billed | Matt Williamson | Receive and review Plaintiff's Answer to the Counterclaim | 0.30 | $275.00 | $82.50 |
| 03/21/2019 | Billed | StudioIP Law, LLC | Call with P. Culligan regarding strategy | 0.30 | $0.00 | $0.00 |
| 03/21/2019 | Billed | Matt Williamson | Strategy call with P. Culligan | 0.50 | $275.00 | $137.50 |
| 03/20/2019 | Billed | StudioIP Law, LLC | Review initial disclosures; receive initial disclosures and review their documents | 0.20 | $300.00 | $60.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 03/20/2019 | Billed | Matt Williamson | Receive and review Plaintiff's Initial Disclosures, as well as Interrogatories, document requests and deposition notices. | 0.50 | $275.00 | $137.50 |
| 03/13/2019 | Billed | Matt Williamson | Bates number and prepare license price email and VIP/Media admission price list for inclusion with Initial Disclosures | 0.20 | $275.00 | $55.00 |
| 03/12/2019 | Billed | Matt Williamson | Finish Initial Disclosures document draft and email P. Culligan requesting the Colwell price list and screenshots showing the price of VIP/Media tickets for the 2017 Mini Derby for inclusion with Initial Disclosures. | 0.30 | $275.00 | $82.50 |
| 03/11/2019 | Billed | Matt Williamson | Review Scheduling Order from the court and calendar all upcoming deadlines. | 0.40 | $275.00 | $110.00 |
| 03/07/2019 | Billed | Matt Williamson | Update and continue drafting Initial Disclosures document | 0.30 | $275.00 | $82.50 |
| 03/06/2019 | Billed | Matt Williamson | Gather Affidavits and add bates numbering for submission with Initial Disclosures document | 0.20 | $275.00 | $55.00 |
| 03/05/2019 | Billed | Matt Williamson | Begin drafting Initial Disclosures document | 1.40 | $275.00 | $385.00 |
| 03/05/2019 | Billed | Matt Williamson | Email P. Culligan and L. Spruce regarding Initial Disclosures, inquiring into any other relevant persons or documents to be disclosed. | 0.20 | $275.00 | $55.00 |
| 03/04/2019 | Billed | StudioIP Law, LLC | File Notice of filing and Amended Answer and Counterclaim with the District Court | 0.30 | $300.00 | $90.00 |
| 03/01/2019 | Billed | StudioIP Law, LLC | Attend scheduling conference call; finalize documents for filing | 0.80 | $300.00 | $240.00 |
| 02/28/2019 | Billed | Matt Williamson | Revise Amended Answer and Complaint based on review and feedback by P. Culligan | 0.50 | $0.00 | $0.00 |
| 02/28/2019 | Billed | Matt Williamson | Revise Affidavits based on P. Culligan's feedback and send PDF versions to all witnesses for signature | 0.40 | $0.00 | $0.00 |
| 02/27/2019 | Billed | Matt Williamson | Finalize Amended Complaint and add Affidavits and exhibits and references to those exhibits | 1.00 | $0.00 | $0.00 |
| 02/27/2019 | Billed | StudioIP Law, LLC | Edit and amend Answer and Counterclaim | 3.10 | $0.00 | $0.00 |
| 02/26/2019 | Billed | Matt Williamson | Draft Affidavit of Alexis Alvis and correspond with A. Alvis regarding the same | 0.40 | $0.00 | $0.00 |
| 02/22/2019 | Billed | StudioIP Law, LLC | Call with opposing counsel regarding 26(f) conference discuss settlement possibilities; claims and defenses; his amendments to order; edit proposed order and send for filing | 0.50 | $0.00 | $0.00 |
| 02/22/2019 | Billed | Matt Williamson | Receive, review and revise Proposed Scheduling Order drafted by opposing counsel. | 0.60 | $0.00 | $0.00 |

| Date | | | Description | | | |
|---|---|---|---|---|---|---|
| 02/22/2019 | Billed | StudioIP Law, LLC | Revise Amended Answer | 1.50 | $0.00 | $0.00 |
| 02/21/2019 | Billed | Matt Williamson | Email opposing counsel inquiring about the status of the proposed joint scheduling order. | 0.10 | $0.00 | $0.00 |
| 02/21/2019 | Billed | Matt Williamson | Revise and finalize Declaration of Patrick Culligan for submission with Amended Answer and Counterclaim | 0.20 | $0.00 | $0.00 |
| 02/20/2019 | Billed | Matt Williamson | revise and finalize Spruce, Horton, Locke, and Salberg affidavits/decla rations | 0.70 | $0.00 | $0.00 |
| 02/19/2019 | Billed | Matt Williamson | Call M. Horton to gather information in order to draft affidavit/declar ation | 0.30 | $0.00 | $0.00 |
| 02/19/2019 | Billed | Matt Williamson | Draft affidavit based on conversation with Matthew Horton regarding his arrangement during the 2018 Mini Derby and industry standards | 0.30 | $0.00 | $0.00 |
| 02/15/2019 | Billed | Matt Williamson | Draft Notice of Unnopposed Amended Answer and Counterclaim for submission to the court | 0.40 | $0.00 | $0.00 |
| 02/15/2019 | Billed | Matt Williamson | Finish draft of Amended Answer and Counterclaim. Send to J. Pellant for review | 2.40 | $0.00 | $0.00 |
| 02/15/2019 | Billed | Matt Williamson | Phone call with E. Salberg regarding her recollection of the Mini Derby event as well as standard practice trades in the event industry. Draft Declaration of the same for signature and submission with the Amended Answer | 0.40 | $0.00 | $0.00 |
| 02/15/2019 | Billed | Matt Williamson | Draft Declaration of P. Culligan for submission with Amended Answer | 0.30 | $0.00 | $0.00 |
| 02/13/2019 | Billed | Matt Williamson | Continue drafting Amended Answer and Counterclaim | 0.70 | $0.00 | $0.00 |
| 02/13/2019 | Billed | Matt Williamson | Investigate DMCA claim and gather case law regarding relevant defenses in preparation for drafting Amended Answer | 0.30 | $275.00 | $82.50 |
| 02/13/2019 | Billed | Matt Williamson | Call with P. Culligan | 0.30 | $0.00 | $0.00 |
| 02/13/2019 | Billed | StudioIP Law, LLC | Meeting with P. Culligan regarding case; counsel regarding options; gather facts to support defense | 1.00 | $0.00 | $0.00 |
| 02/13/2019 | Billed | Matt Williamson | Phone calls with L. Spruce and S. Locke regarding their recollection of the conversation with Plaintiff and standard industry and 11Creative practices. Draft affidavits reflecting their accounts and send to J. Pellant for review and input based on her notes from phone calls with them | 1.00 | $275.00 | $275.00 |
| 02/13/2019 | Billed | Matt Williamson | In office meeting with P. Culligan and J. Pellant regarding facts and strategy for Affidavits and Amended Answer | 1.00 | $275.00 | $275.00 |

| Date | | | Description | | | |
|---|---|---|---|---|---|---|
| 02/12/2019 | Billed | Matt Williamson | Draft email to photographer Matt Horton to set up a short call to discuss his agreement with 11Creative and common business practices regarding oral licenses. | 0.10 | $275.00 | $27.50 |
| 02/12/2019 | Billed | Matt Williamson | Pull relevant case law regarding oral copyright licenses as well as potential fair use, co-authorship and license arguments as a defense and/or grounds for a motion to dismiss and discuss findings and strategy with J. Pellant | 1.70 | $275.00 | $467.50 |
| 02/11/2019 | Billed | Matt Williamson | Investigate Copyright Infringement Claim asserted against Eleven Creative; pull evidence supporting defenses | 1.70 | $275.00 | $467.50 |
| 02/11/2019 | Billed | Matt Williamson | Email Patrick regarding details for his affidavit and requesting contact info for Matthew Horton | 0.10 | $275.00 | $27.50 |
| 02/11/2019 | Billed | Matt Williamson | Continue drafting Amended Answer | 0.30 | $275.00 | $82.50 |
| 02/07/2019 | Billed | Matt Williamson | Continue drafting Amended Answer and begin counterclaim | 2.00 | $275.00 | $550.00 |
| 02/06/2019 | Billed | Matt Williamson | Begin drafting Amended Answer | 0.70 | $275.00 | $192.50 |
| 02/05/2019 | Billed | Matt Williamson | Call w/ P. Culligan | 0.10 | $0.00 | $0.00 |
| 02/05/2019 | Billed | Matt Williamson | Call with Judge Varholak's chambers regarding procedure for filing the Amended Answer; and converse with opposing counsel regarding filing the Amended Answer Unopposed. | 0.50 | $275.00 | $137.50 |
| 02/04/2019 | Billed | StudioIP Law, LLC | Call with P. Cullingan regarding strategy and update on case status | 0.60 | $300.00 | $180.00 |
| 02/04/2019 | Billed | Matt Williamson | Investigate and pull local rules and civil practice standards fo the US District Court for the District of Colorado. Investigate deadlines to Answer/Amend after Entry of Appearance and review instructions for Proposed Scheduling Order | 1.00 | $275.00 | $275.00 |
| 01/31/2019 | Billed | StudioIP Law, LLC | Receive notice of filing by the Court vacating scheduling conference and moving the deadline for proposed scheduling order | 0.30 | $300.00 | $90.00 |
| 01/29/2019 | Billed | StudioIP Law, LLC | Follow up with opposing counsel regarding scheduling order and notice of appearance | 0.30 | $300.00 | $90.00 |
| 01/28/2019 | Billed | StudioIP Law, LLC | File Entry of Appearance; review Complaint and Answer; strategize possible supplemental Answer and communicate regarding information requested for possible Answer | 1.10 | $300.00 | $330.00 |
| 01/25/2019 | Billed | Matt Williamson | Draft and submit Entry of Appearance with the US District Court for the District of Colorado | 1.00 | $275.00 | $275.00 |
| 01/25/2019 | Billed | Matt Williamson | Contact opposing counsel over the phone and send email to opposing counsel informing them of our entry of appearance and | 0.50 | $275.00 | $137.50 |

| | | | requesting a 30 day extension for upcoming deadlines. | | | |
|---|---|---|---|---|---|---|
| 01/24/2019 | Billed | Matt Williamson | Call w/ P. Culligan | 0.30 | $0.00 | $0.00 |
| 01/24/2019 | Billed | Matt Williamson | Initial call with P. Culligan | 1.00 | $0.00 | $0.00 |
| 01/24/2019 | Billed | Matt Williamson | Find and review case documents (complaint, answer, etc.) filed prior to entry of appearance | 0.70 | $275.00 | $192.50 |
| | | | **Billed Total:   104.30 hours, $24,044.00** | | | |
| 08/11/2019 | Unbilled | StudioIP Law, LLC | Copy of deposition transcripts for P. Culligan and L. Spruce from Hansen & Company Inc. Court Reporting | 1.00 | $334.25 | $334.25 |
| 08/11/2019 | Unbilled | StudioIP Law, LLC | Court reporting and certified copy of the deposition of A. Culligan | 1.00 | $337.50 | $337.50 |
| 08/09/2019 | Unbilled | Matt Williamson | Revise Motion for Attorneys Fees and Costs with relevant portions of depositions and case law | 1.90 | $275.00 | $522.50 |
| 08/06/2019 | Unbilled | Matt Williamson | Receive and review deposition transcripts for accuracy; Highlight relevant portions for inclusion in Motion for Fees; Send copies of transcripts for review by L. Spruce and P. Culligan, as well as Certification of Deponents for signature | 0.90 | $275.00 | $247.50 |
| 08/01/2019 | Unbilled | Matt Williamson | Receive and review notice of dismissal and case closure; contact Judge Arguello's chambers via phone and email to inquire into procedures for Motion for Attorneys Fees and Costs; Draft Motion For Award Of Attorneys' Fees and Costs | 3.50 | $275.00 | $962.50 |
| | | | **Unbilled Total:   6.30 hours, $2,404.25** | | | |
| | | | **Matter Total:   110.60 hours, $26,448.25** | | | |
| | | | **Client Total:   110.60 hours, $26,448.25** | | | |
| | | | **Total:   110.60 hours, $26,448.25** | | | |

Appellate Case: 20-1064   Document: 010110309389   Date Filed: 02/26/2020   Page: 26

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

     Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

     Defendant.

---

### PELLANT DECLARATION

---

I, Jessie Laura Pellant, in accordance with 28 U.S.C. § 1746, state:


   1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

   2. I am the founder and manager of StudioIP, a law firm that specializes in the practice of intellectual property law. This area of law includes the prosecution and litigation of copyrights. I am an attorney of record for the defendant in this action, Eleven Creative Services LLC (Eleven Creative) and I submit this Affidavit in support of Eleven Creative's motion for attorney fees and costs as the prevailing party in this matter.

   3. I received my J.D. from Gonzaga University School of Law in 2009 and specialized in receiving a legal education based on the practice of intellectual property law. The course load was weighted with classes involving this area of law. I graduated Cum Laude and clerked for the Honorable Judge Timothy Hansen of the 4th Judicial District of Idaho upon graduation.

   4. I worked for Lathrop & Gage, LLP, Dorsey & Whitney LLP, and Brownstein Hyatt Farber and Schreck all in the area of intellectual property and received excellent mentoring. StudioIP was founded 2 ½ years ago and since that time alone I have handled a significant amount of copyright cases, most of which settle out of court due to the nominal amount of money at issue.

   5. It is typical to see hourly rates for intellectual property, a specialized practice in the Denver area between $300-$600 per hour.  Associates at intellectual property firms

charge typically over $400 per hour with partners rates nearing $700 and more. At the time I left my position with Brownstein Hyatt Farber and Schreck my hourly rate as an associate at the firm was $475 per hour. My current hourly rate at StudioIP is $380 per hour.

6. Eleven Creative is a new company and with funds tight StudioIP agreed to a discounted representation rate of $300 per hour for my work, and $275 per hour for my associate Matthew Williamson. I also agreed to oversee work conducted by Matthew Williamson with minimal to no cost to Eleven Creative in order to keep costs to Eleven Creative down.

7. Eleven Creative's invoices from StudioIP will indicate some work completed at $0.00. This is because we tried not to bill for time spent on the phone with our client or what we deemed appropriate for discounting in order to reduce the cost of this litigation to our client.

8. The fees and costs charged by StudioIP in this case are reasonable, necessary and appropriate and in line if not below average fees for intellectual property attorneys with a similar number of years of experience in the Denver, Colorado area.

9. The total amount of hours charged to the client for attorney fees was 110.60 hours of legal defense work completed on behalf of Eleven Creative.

10. The total amount of costs and fees charged to the client for the defense of Eleven Creative was $26,448.25 for the expenses and attorney time spent on the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed on August 12, 2019

Signed: _____

Printed Name: Jessie Laura Pellant

Title: Managing Partner

Company: StudioIP Law, LLC

Cell: 208-340-9955

Office: 720-443-1773

Email: jpellant@studioiplaw.com

Appellate Case: 20-1064   Document: 010110309389   Date Filed: 02/26/2020   Page: 29

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

    Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

    Defendant.

---

### WILLIAMSON AFFIDAVIT

---

I, Matthew Williamson, being duly sworn, deposes and says:

    1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

    2. I am an associate at StudioIP, a law firm that specializes in the practice of intellectual property law. This area of law includes the prosecution and litigation of copyrights. I am an attorney of record for the defendant in this action, Eleven Creative Services LLC (Eleven Creative) and I submit this Affidavit in support of Eleven Creative's motion for attorney fees and costs as the prevailing party in this matter.

    3. I received my J.D. from the University of Denver, Sturm College of Law after a career in advertising in Chicago and Colorado working on digital ad campaigns. I focused my legal education on intellectual property law and interned with Brownstein Hyatt Farber & Schreck during school and was a judicial fellow for the Honorable Judge Diego Hunt of the first judicial district of Colorado upon graduation.

    4. I have worked for StudioIP practicing solely intellectual property law for the past year and a half working on IP litigation as well as copyright and trademark prosecution matters.

    5. My current hourly rate at StudioIP is $315 per hour, but Eleven Creative was given a discounted rate of $275 per hour, in order to provide the startup company a competitive rate for their defense.

6. The time I spent on the case was reasonable and necessary to provide an adequate defense to Eleven Creative in this case.

7. Eleven Creative's invoices from StudioIP will indicate some work completed at $0.00. This is because we tried not to bill for time spent on the phone with our client or what we deemed appropriate for discounting in order to reduce the cost of this litigation to our client.

8. The fees and costs charged by StudioIP in this case are reasonable and in line if not below average fees for intellectual property attorneys with a similar number of years of experience in the Denver, Colorado area.

Signed: _____

Printed Name: Matthew Williamson

Title: Associate Attorney

Company: StudioIP Law

Cell: 720.352-9528

Office: 720-352-9528

Email: MWilliamson@Studioiplaw.Com

Sworn to before me this 12th day of August _____, 2019

_____
[NAME]
[Notary Public]
Danver          Colorado

11-07-2022

HUMBERTO MUNOZ JR
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20144032522
MY COMMISSION EXPIRES 11/07/2022

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

　　Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

　　Defendant.

---

HORACE DECLARATION

---

I, Stephen J. Horace, in accordance with 28 U.S.C. §1746, state:

1. I am over 18 years of age, of sound mind and otherwise competent to make this Declaration. The opinion and information set out in this Declaration is based on my personal knowledge.

2. I am a partner located in the Denver office of Michael Best & Friedrich L.L.P. I am a seasoned litigator with more than 30 years of experience advising and advocating for clients in the area of intellectual property law, including copyright law. I submit this Declaration in support of the reasonableness of StudioIP's claimed attorney fees in the above entitled matter.

3. I have reviewed the time entries provided by StudioIP that are attached as evidence to the Motion for Attorney Fees in this matter and conclude: (1) that the hourly rate is at or below the typical market rate for copyright litigation in Denver, Colorado, and (2) the time entries provided for the work completed are necessary and appropriate. I base this conclusion on the fact that these time entries reflect attorney billing rates of $300 or less, and that defense of this action for over 6 months required counsel to review and research the facts and law raised in the complaint, interview witnesses, prepare a counterclaim and answer, prepare and serve initial disclosures and related documents, review the initial disclosures and related documents of opposing counsel, prepare and respond to written discovery, prepare affidavits, collect and produce documents, review plaintiff's document production, take a deposition, and negotiate settlement terms.

I declare under penalty of perjury under the laws of the United States of America that the forgoing statements are true and correct.

Executed on August 12, 2019

Signed: _____

Printed Name:        Stephen J. Horace

Title:                     Partner

Company:            Michael Best & Friedrich L.L.P.

Cell:                     303-905-9783

Office:                  720-745-4870

Email:                   sjhorace@michaelbest.com

EXHIBIT D

Transcript of the Testimony of

## ANDREW COLWELL
July 29, 2019

Andrew Colwell
v
Eleven Creative Services, LLC

## Carrie A. Arnold, RPR, CRR

*Carrie A. Arnold, RPR, CRR*
**Hansen and Company**
Registered Professional Reporters
1600 Broadway, Ste. 470
Denver, Colorado 80202
Phone 303-691-0202 * Fax 303-691-2444



Andrew Colwell                                          ANDREW COLWELL
Eleven Creative Services, LLC                            July 29, 2019

Page 15

1        Q.    -- free of charge to you to enter; correct?

2        A.    Journalists don't like to use the terms "free

3    of charge" whenever we're given admission to things.

4    We are given access, given free rein, given, as some

5    organizers would say, the run of the place, in the

6    course of doing our duty as journalists reporting the

7    event, yes.

8        Q.    And who grants you that access?

9        A.    In this case, The Denver Post organized

10   everything that I was there to do, and I was simply

11   told to show up at the certain place and certain time

12   the event took place.  The Denver Post organized

13   everything, and I was just dispatched to go there.

14       Q.    Was there a member of The Denver Post

15   standing at the gate letting you into the event?

16       A.    There was not.

17       Q.    Who let you into the event?

18       A.    I do not recall the name of the individual

19   who greeted me.  I was told to come to the entrance and

20   introduce myself, and would be allowed to photograph

21   whatever I asked, whatever I wanted.

22       Q.    Is it fair to say an individual of whom you

23   cannot remember let you into the event?

24       A.    That was fair to say, yes.

25       Q.    And you did not pay for that entry?

Electronically signed by Carrie Arnold (101-088-325-0179)                    702aa96a-25cc-4931-a3f1-1120bce03c60

Andrew Colwell                                     ANDREW COLWELL
Eleven Creative Services, LLC                      July 29, 2019

---

Page 16

1       A.    I did not pay for that entry.

2       Q.    Were you given drink vouchers at the event?

3       A.    I was not provided anything of that nature.

4       Q.    Do you know who runs the Denver Mini Derby?

5       A.    I know that Eleven Creative Services

6    organizes it.  I do not know if they had onsite staff

7    from the venue or if there was a private company that

8    they contracted.  All I was told was to go to the

9    welcome table and tell them who I was.

10      Q.    When you say "venue," you weren't sure if

11   they had other employees from the "venue"?  What do you

12   mean by "venue"?

13      A.    The venue was the place that the Denver Mini

14   Derby was hosted.  I believe the name of it is the

15   Stanley Marketplace, and I do know that that is a

16   private event venue that was -- that is operated by an

17   additional company that's not Eleven Creative.

18      Q.    Is that space open, like outdoors?

19      A.    It is partially open.  There is an outdoor

20   area.  There is also an indoor area.  And the event

21   took place in both parts.

22      Q.    Did you shake hands with anyone or meet

23   anyone upon entrance of the Denver Mini Derby?

24      A.    I can't recall how I specifically greeted

25   anybody that I met there, but usually I walk in with my

---

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Andrew Colwell                                    ANDREW COLWELL
Eleven Creative Services, LLC                     July 29, 2019

                                                   Page 17

 1   cameras and introduce myself and identify myself, as

 2   with The Denver Post.  And if I need to, I present the

 3   e-mail between the organizers of the event and The

 4   Denver Post that was sent to me and state my purpose

 5   and go about my business, when they either show me in

 6   or -- yeah.

 7        Q.   Did you bring any e-mail with you on that

 8   particular day?

 9        A.   I don't recall if I printed one out, but I

10   had it available on my phone just through e-mail, if

11   required.

12        Q.   Was it required that day?

13        A.   I do not recall.

14        Q.   Could you read request number 2 in the

15   document again regarding the admissions for me.

16        A.   Request number 2:  Admit that you took

17   photographs of the 2017 Denver Mini Derby, which is

18   organized and executed entirely by Eleven Creative.

19             The answer to request number 2:  Denied.

20        Q.   Why did you deny and not admit to that

21   question?

22        A.   I'm not sure how to answer that question.

23             MR. LIEBOWITZ:  Well, I would object.  I

24   think that, you know, Andy previously testified that he

25   wasn't sure if the event was entirely organized by

     Hansen & Company, Inc. Registered Professional Reporters
                (303) 691-0202 * (303) 691-2444

Andrew Colwell                                 ANDREW COLWELL
Eleven Creative Services, LLC                  July 29, 2019

Page 18

 1   Eleven Creative, so . . .

 2           MS. PELLANT:  What's the foundation of your

 3   objection?

 4           MR. LIEBOWITZ:  Well --

 5           MS. PELLANT:  You can only object based on

 6   privilege today.

 7           MR. LIEBOWITZ:  Well, you know, based off of

 8   Andy's previous, you know, statements today.  He stated

 9   that he wasn't aware that Eleven Creative -- that the

10   Denver Mini Derby was entirely organized by Eleven

11   Creative Designs [sic].

12           MS. PELLANT:  Are you testifying for your

13   client?

14           MR. LIEBOWITZ:  No.  I'm not testifying.  I'm

15   just saying that --

16           MS. PELLANT:  Well, I'm allowed to ask him

17   what -- these are supposed to be his answers; right?

18           MR. LIEBOWITZ:  Okay.

19       Q.   (BY MS. PELLANT)  So I'm asking you -- this

20   is your response to the question.  I'm asking you why

21   you would have denied that, and your attorney jumped in

22   and basically answered why you would have denied that.

23   Can you tell me in your own words why you would have

24   denied that question?

25       A.   I can.  My concern with the question, and my

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Electronically signed by Carrie Arnold (101-088-325-0179)                    702aa96a-25cc-4931-a3f1-1120bce03c60

Andrew Colwell                                    ANDREW COLWELL
Eleven Creative Services, LLC                     July 29, 2019

Page 19

 1   answer as I answered, was that I did not know all

 2   parties who were involved in the event itself.  I

 3   know -- and the "entirely" part is why I answered the

 4   way that I did in this question.

 5           I'm simply told to go and photograph events,

 6   and I'm not told specifically or explicitly who all of

 7   the or sole organizers may or may not be.  So I do not

 8   know -- I could not answer affirmatively that it was --

 9   that the event was organized entirely by Eleven

10   Creative.

11      Q.   But at this time you do admit that you took

12   photographs of the 2017 Denver Mini Derby?

13      A.   I do admit that I photographed at that event.

14      Q.   Thank you.

15      A.   But I do not -- did not and am not aware of

16   Eleven Creative being the entire organizing entity.

17      Q.   Understood.  Can you please read request

18   number 3.

19      A.   Request number 3:  Admit that you did not

20   communicate with Eleven Creative or Patrick Culligan

21   after May 6, 2017.

22           Answer to request number 3:  Denied.

23      Q.   Why did you deny that question?

24      A.   I do not know the last name of anybody from

25   Eleven Creative.  I was contacted by a phone number I

Electronically signed by Carrie Arnold (101-088-325-0179)                    702aa96a-25cc-4931-a3f1-1120bce03c60

Andrew Colwell                                    ANDREW COLWELL
Eleven Creative Services, LLC                     July 29, 2019

Page 20

 1    didn't recognize later -- late last year, 2018, and did

 2    not know who Patrick Culligan was, simply introduced as

 3    Patrick, to the best of my knowledge.  I've never

 4    spoken, as best I can recall, with Eleven Creative or

 5    anybody by that name who I remember being introduced to

 6    by that name.

 7         Q.   Okay.  So the question asks -- if I may just

 8    repeat it -- Admit that you did not communicate with

 9    Eleven Creative or Patrick Culligan after May 6, 2017.

10    And you have denied that instead of admitting that, but

11    it sounds like, your testimony today, you're saying

12    that you did not communicate with Eleven Creative.

13         A.   I don't recall explicitly being told on that

14    phone call who it was who was calling, for whom they

15    worked.  I receive a bunch of phone calls very

16    frequently.  And I received a phone call from a

17    Patrick, but I did not register or recognize what the

18    conversation was about, to the best of my knowledge.

19         Q.   So do you believe that you did communicate

20    with either Patrick or Eleven Creative since the event?

21         A.   I have been informed that I have, yes.

22         Q.   Okay.  And "been informed" that you have, can

23    you clarify that for me.

24         A.   Well, I realized in follow-up text messages

25    that I received from that same number that this was

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Andrew Colwell                                          ANDREW COLWELL
Eleven Creative Services, LLC                           July 29, 2019

Page 21

1    regarding this case here.

2        Q.   Which led you to believe that it's Patrick

3    Culligan?

4        A.   And I reached out to my counsel --

5        Q.   Okay.

6        A.   -- with those text messages, and was

7    confirmed that that was who I was speaking with.  I've

8    never met in person anybody that I can remember

9    explicitly from Eleven Creative or Patrick Culligan

10   after May 6th of 2017.

11       Q.   Okay.  Can you read for me request number 4.

12       A.   Admit that you represented yourself as a

13   photographer for The Denver Post to representatives of

14   Eleven Creative, including Patrick Culligan.

15            Answer to request number 4:  Denied.

16       Q.   I think by now you probably know what I'm

17   going to ask.  But why did you deny that question?

18       A.   Again, I don't know, and I was not aware of,

19   who Eleven Creative was or who Patrick Culligan was

20   when I arrived at this event.

21       Q.   Did you not understand, when you went to the

22   event, that Eleven Creative was a part of the Denver

23   Mini Derby?

24       A.   I was told in the press release that this was

25   an event, and the contact information mentioned -- and

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Electronically signed by Carrie Arnold (101-088-325-0179)                    702aa96a-25cc-4931-a3f1-1120bce03c60

Andrew Colwell                                    ANDREW COLWELL
Eleven Creative Services, LLC                     July 29, 2019

Page 22

 1   I don't remember the person's name -- an event company,

 2   like Eleven Creative, but I do not know -- and the

 3   reason I answered "denied" was because I don't know who

 4   I met.  I don't remember who that was.

 5            And when I photograph at events, I introduce

 6   myself as "Andy, the photographer from The Denver

 7   Post."  I was given access, anything I need to know.

 8   And I don't ever receive -- remember -- I don't

 9   remember receiving a business card or anything of that

10   sort that explicitly said I was speaking with a

11   representative from Eleven Creative.

12       Q.   Okay.  You have said several times that you

13   don't recall anything about your interaction when you

14   arrived at the 2017 Denver Mini Derby.  Is it fair to

15   say, then, that you would not recall any conversations

16   that you had with anyone upon your entrance to the

17   Denver Mini Derby?

18       A.   I don't recall anything out of the ordinary.

19   I photograph many events of this nature, and frequently

20   the interactions are limited to who I am, why I'm

21   there.  If anybody ever asks for copies of pictures,

22   that's an unusual request, and that's usually followed

23   by me asking for anything in an e-mail form about how

24   they might need pictures.

25            I don't remember specific details about

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Electronically signed by Carrie Arnold (101-088-325-0179)                    702aa96a-25cc-4931-a3f1-1120bce03c60

Andrew Colwell                                    ANDREW COLWELL
Eleven Creative Services, LLC                     July 29, 2019

Page 23

1    specific conversations that I had because there was

2    nothing out of the ordinary at these -- at this event

3    specifically.

4         Q.   So you don't recall anything about any

5    interaction about how you entered the event, but you

6    recall specifically that you would not have discussed

7    copies of photographs?

8         A.   That would have been an unusual request for

9    me to have received that occasionally occurs.  I do

10   remember arriving at the event, stating my purpose,

11   being allowed into the event, and that is all that I

12   remember explicitly saying, myself.

13        Q.   Thank you.  Had you heard of Eleven Creative

14   before attending the Denver Mini Derby?

15        A.   I had not.

16        Q.   Have you heard of them since?

17        A.   I have.

18        Q.   Have you heard of them outside of the subject

19   of this case?

20        A.   I have not.

21             MS. PELLANT:  I think I'd like to take a

22   break so that we can see if we have our document.

23             (Recess taken from 9:40 a.m. to 9:54 a.m.)

24        Q.   (BY MS. PELLANT)  We were talking about the

25   2017 Denver Mini Derby and your attendance there as a

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Electronically signed by Carrie Arnold (101-088-325-0179)                    702aa96a-25cc-4931-a3f1-1120bce03c60

Andrew Colwell                                    ANDREW COLWELL
Eleven Creative Services, LLC                     July 29, 2019

Page 24

 1   photographer.  How long were you at the Denver Mini

 2   Derby that day?

 3        A.   I don't remember a specific hour, time.  I

 4   don't remember anything out of the ordinary.  I do

 5   remember that I was there for at least an hour, but I

 6   believe maybe two or three, based on typical afternoon

 7   deadlines at The Denver Post that would have required

 8   my pictures being sent in.

 9        Q.   Okay.  So roughly between one to three hours

10   you guess you were at the event?

11        A.   I believe.  It may have been four.  I don't

12   recall a specific amount of time.

13        Q.   Okay.  Longer than 15 minutes?

14        A.   Correct.

15        Q.   Okay.

16             (Deposition Exhibit A was marked.)

17        Q.   (BY MS. PELLANT)  What did you take photos of

18   while you were there?

19        A.   I photographed attendees, I photographed the

20   people watching the actual race, the derby itself.

21   Photographed some of the ancillary activities that

22   occurred.  There were miniature horses that were being

23   raced around a paddock.  People's hats, the drinks that

24   were -- that people were holding.  I believe I sent 20

25   images to The Denver Post of various things.

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Andrew Colwell                                      ANDREW COLWELL
Eleven Creative Services, LLC                       July 29, 2019

Page 25

 1        Q.   Okay.  Did anyone sort of give you a tour of
 2   the location, what was in what areas during the derby?
 3        A.   I do not remember.  I do not believe so.  If
 4   it was -- if there was any tour, it would have just
 5   probably been a, Here's where the show -- the race will
 6   be shown, over here's this, drinks are over there.  But
 7   I don't recall being walked around, walked through.
 8             I don't seek that usually because I like to
 9   kind of go into things with open eyes and not be told
10   what to shoot, so to speak.  My goal is to be there to
11   document.  I don't remember that I was given any
12   specific tour.
13        Q.   How big is the Denver Mini Derby?
14        A.   I'm not sure I know what you mean.  In terms
15   of attendance?  In terms of space?
16        Q.   Space.
17        A.   I know that it was outside on this patio at
18   the Stanley Marketplace, is the name of the venue.
19   Also inside the airplane hangar that they use, which is
20   where the race was shown.  And then I think there was a
21   grassy area outside.  I -- maybe a hundred yards --
22   80 yards long and -- I don't remember the specifics.
23        Q.   Sounds fairly large.
24        A.   A big area, yes.  Yeah.  And I arrived before
25   most of the crowds were there, so I just kind of

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Andrew Colwell                        ANDREW COLWELL
Eleven Creative Services, LLC              July 29, 2019

Page 26

 1   wandered for a while and got the lay of the land.

 2         Q.   Okay.  Is there a stage there?

 3         A.   Yes.  They set one up there.  I don't know if

 4   that always exists there, but there was a raised area.

 5         Q.   Okay.  Do you remember what the person looked

 6   like that you -- male or female -- that let you into

 7   the event?

 8         A.   I don't.  I couldn't pick them out of a

 9   lineup.  I believe I was greeted by several people who

10   were registering.  I think there were wristbands maybe

11   that everybody had to have because it was an over-21

12   event.  I do not remember who would have greeted me,

13   though.

14         Q.   I'm handing you what's been marked as

15   Exhibit A.

16              MR. LIEBOWITZ:  Just for the record, this is

17   the first time that we're receiving this document.

18              MS. PELLANT:  For the record, you received it

19   early this morning as soon as we received it, at the

20   very same time.

21              MR. LIEBOWITZ:  So I want to say this

22   document was received on July 29th, 2019, the morning

23   of the deposition here today.

24              MS. PELLANT:  So --

25              MR. LIEBOWITZ:  And just for the record, yes,

Electronically signed by Carrie Arnold (101-088-325-0179)                    702aa96a-25cc-4931-a3f1-1120bce03c60

Andrew Colwell                                        ANDREW COLWELL
Eleven Creative Services, LLC                         July 29, 2019

Page 29

1   (including death) or economic loss I may suffer or

2   which may result from my entering the event."

3       Q.   And at the bottom of the page it says "Signed

4   By."

5       A.   It says, "Signed By:  Andrew J. Colwell."

6       Q.   Do you remember signing this upon entry to

7   the Denver Mini Derby?

8       A.   I don't remember specifically signing it.

9   Sometimes we're given these as part of our entry.

10  Usually they are accompanied by an explanation that

11  they are for -- if we're appearing in any images or

12  anything, that we release that, but that if there's

13  any -- yeah -- this sometimes occurred, yes.

14      Q.   Okay.  Is that your signature at the bottom

15  of the document?

16      A.   I believe it is, yes.

17           (Deposition Exhibit B was marked.)

18      Q.   (BY MS. PELLANT)  I'm going to hand you

19  what's been marked as Exhibit B.  It's confusing

20  because the first page of the exhibit says "EXHIBIT D."

21  It is Exhibit D to the complaint that was filed against

22  Eleven Creative Services on your behalf.

23      A.   Okay.

24      Q.   If you could flip through Exhibit B for me.

25      A.   Okay.

Electronically signed by Carrie Arnold (101-088-325-0179)                702aa96a-25cc-4931-a3f1-1120bce03c60

Andrew Colwell                                    ANDREW COLWELL
Eleven Creative Services, LLC                     July 29, 2019

Page 30

 1      Q.   Can you please tell me what that image is.

 2      A.   This is a photograph of two women dancing at

 3   the event that I made at the event.

 4      Q.   By "made," you mean you took that photograph?

 5      A.   I photographed that.

 6      Q.   Okay.  Continue.

 7      A.   This is another image of a stage area at the

 8   event.  It was of a hat competition that was also

 9   photographed by me.

10      Q.   Okay.

11      A.   Keep going?

12      Q.   Yes, please.

13      A.   Okay.  You want me to describe what I'm

14   seeing or just keep flipping through?

15      Q.   Do you recognize this image?

16      A.   I don't.

17      Q.   Okay.

18      A.   For many of these events, The Denver Post

19   signs up me for the event or circumvents this and goes

20   straight to the organizer and just responds to their

21   press release that they received.

22      Q.   Okay.  But those first two pages are the

23   photographs that you took at the Denver Mini Derby?

24      A.   Yes.  I made the pictures at the event.

25      Q.   Okay.  Can you describe what you see in the

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Andrew Colwell                                    ANDREW COLWELL
Eleven Creative Services, LLC                     July 29, 2019

Page 31

1    second picture.

2         A.   I see a crowd of people.  I see the Stanley

3    Marketplace hangar, I think is what they call it.  I

4    see people wearing hats.  I'm not sure what else

5    you're --

6         Q.   Do you know what was going on at the time of

7    that photograph?

8         A.   I think it was a hat competition.  I think it

9    was people competing with their derby hats.

10        Q.   Do you know if you had to get special

11   permission to be in that position to take that picture?

12        A.   I don't ever recall asking specific

13   permission.  I think I was allowed onto the stage

14   with -- there were other photographers who were there,

15   and we were shown steps, I guess, probably.  I don't

16   ever -- I don't remember requesting specific access to

17   it.

18        Q.   But it's possible that someone had to grant

19   you access and take you up there to take that

20   photograph?

21        A.   It's not out of the realm of possibility.  I

22   don't remember asking or, you know, specific permission

23   to do that.

24        Q.   Okay.  Did anyone other than The Denver Post

25   pay you to use these photographs?

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

EXHIBIT E

Transcript of the Testimony of

# PATRICK E. CULLIGAN, JR.
July 29, 2019

Andrew Colwell

v

Eleven Creative Services, LLC

## Carrie A. Arnold, RPR, CRR

*Carrie A. Arnold, RPR, CRR*
**Hansen and Company**
Registered Professional Reporters
1600 Broadway, Ste. 470
Denver, Colorado 80202
Phone 303-691-0202 * Fax 303-691-2444



Andrew Colwell                      PATRICK E. CULLIGAN, JR.
Eleven Creative Services, LLC              July 29, 2019

Page 18

 1   this, that has a ticket?

 2        A.   If it is someone coming up to that we do not

 3   know, they will have to sign it --

 4        Q.   Okay.

 5        A.   -- if they want access to the event.

 6        Q.   When did you find this document?

 7        A.   I always knew it existed.

 8        Q.   But when did you first find it?

 9        A.   In what regards?

10        Q.   I'm talking about when did you first see --

11        A.   I watched Andrew sign it.

12        Q.   I'm talking about when did you first

13   physically, you know, find a copy of this to produce in

14   the litigation?

15        A.   This is not a copy.  This is the document

16   that he signed.

17        Q.   Okay.  So when did you first get this

18   document to produce in this litigation?

19        A.   I watched it be created by Andrew.  He signed

20   it at the 2017 Mini Derby.

21        Q.   No, but what I'm trying to understand is,

22   when did you first get this document to produce during

23   the course of this litigation?

24        A.   I've always known that it existed, so . . .

25        Q.   But it wasn't produced early on in this

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

Electronically signed by Carrie Arnold (101-088-325-0179)                    2cbdbb41-9363-411e-b42b-1a458fa71501

Andrew Colwell                          PATRICK E. CULLIGAN, JR.
Eleven Creative Services, LLC                    July 29, 2019

Page 19

 1    litigation; correct?

 2         A.   I told you in December when you and I talked

 3    on the phone that it existed.

 4         Q.   But do you know why it was not produced?

 5         A.   Because it was in Tennessee.

 6         Q.   Okay.  So when did you go to Tennessee?

 7         A.   When did I go there?

 8         Q.   Yeah, to --

 9         A.   No.  I had this FedExed here.

10         Q.   Okay.  And when did you have it FedExed?

11         A.   This weekend.

12         Q.   And when did you physically get it?

13         A.   This morning.

14         Q.   Okay.  And you gave this document to your

15    lawyers this morning?

16         A.   Um-hum.

17         Q.   Okay.  And this document was produced to us

18    this morning; correct?

19         A.   I believe that's correct.

20         Q.   Okay.

21         A.   But, for the record, I told you it existed

22    over and over and over.  You knew this existed.

23         Q.   Now, I'll just turn your attention to this

24    paragraph of this agreement:  "Use of Images and Data:

25              "By entering the event, I grant permission to

Hansen & Company, Inc. Registered Professional Reporters
(303) 691-0202 * (303) 691-2444

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02784-CMA-STV

ANDREW COLWELL,

      Plaintiff,

v.

ELEVEN CREATIVE SERVICES,

      Defendant.

## ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS

      This matter is before the Court on Defendant Eleven Creative Services' Motion for Award of Attorney's Fees and Costs. (Doc. # 32.) Based on the following reasons, the Court denies the Motion.

## I.      BACKGROUND

      This copyright infringement case arises from a dispute regarding Defendant's allegedly unauthorized publication of two of Plaintiff's photographs. (Doc. # 1, ¶ 1.) Plaintiff is a professional photographer who licenses his photographs to online and print media. (*Id.* at 2, ¶ 5.) In 2017, Plaintiff photographed the Denver Mini Derby and licensed the photographs to The Know, which published the photographs in a May 6, 2017 article. (*Id.* at 2, ¶¶ 7-8.) On or about May 2018, Defendant published those same photographs on its website, allegedly without licensing the photographs from Plaintiff.

(*Id.* at 3, ¶¶ 11-12.) On May 10, 2018, Plaintiff registered the photographs with the United States Copyright Office. (*Id.* at 3, ¶ 10.)

On October 30, 2018, Plaintiff filed a complaint against Defendant for copyright infringement under section 501 of the Copyright Act. (*Id.* at 1, ¶ 1.) On March 4, 2019, Defendant filed an amended answer and counterclaim (Doc. # 24) in which Defendant alleged that Plaintiff filed a frivolous lawsuit and made false representations because Plaintiff agreed to give Defendant ownership rights to the photographs in exchange for access to the event. Plaintiff served requests for production on March 13, 2019, in which Plaintiff asked for any "documents and communications concerning [D]efendant's efforts to license the Photographs" and all "documents and communications which may be used to prove the elements of any affirmative defense asserted by [D]efendant in [its] answer to the Complaint." (Doc. # 34.)

On July 29, 2019, Defendant produced a document titled "Eleven Creative Services Additional Terms for 2017 Denver Mini Derby," which was cited as support for Defendant's license defense. (Doc. # 33 at 3) (original quotations omitted). Based on the evidence Defendant presented on July 29, 2019, Plaintiff dismissed his claims against Defendant on August 1, 2019. (Doc. # 30.)

On August 12, 2019, Defendant filed the instant Motion for Attorney's Fees and Costs asserting Plaintiff was "careless" for not remembering the facts surrounding the case and was wrong to continue pursuing the lawsuit after Defendant told Plaintiff that a license existed. (Doc. # 32 at 4, 7.) Plaintiff opposed Defendant's Motion by alleging that Defendant failed to provide evidence of a license in a timely manner. (Doc. # 33 at 2.)

Had Defendant provided that evidence sooner, Plaintiff indicates that he would have dismissed the claim sooner. (Doc. # 33 at 4.) Defendant replied asserting that asking Defendant to defend itself quicker is "absurd" because Plaintiff should have known of the existence of a license after Plaintiff signed a license in exchange for entry to the event. (Doc. # 35 at 2-3.)

## II.   ANALYSIS

### A.   LEGAL STANDARD

The Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States." 17 U.S.C. § 505. "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.* A motion for attorney's fees must be "filed no later than 14 days after the entry of judgment; specify the judgment and the statute, rule, or other grounds entitling the movant to the award; state the amount sought or provide a fair estimate of it; and disclose . . . the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B).

### B.   APPLICATION

"It is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Defendants and plaintiffs are to be treated the same when prevailing in a copyright action under § 505, and attorney's fees are to be awarded only as a matter of the court's discretion. *Id.* at 534. The factors to be taken into consideration when exercising discretion in this matter, although not exclusive, are: "frivolousness,

motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3rd Cir. 1986). The Court will consider each factor in turn.

    1.   <u>Frivolousness</u>

"[A] frivolous claim under the Copyright Act is one that, in either the factual or legal assertions, is clearly baseless." *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 2017 U.S. Dist. LEXIS 222099, at *20 (C.D. Cal. Dec. 5, 2017). A lawsuit is not frivolous if the plaintiff's legal and factual positions are tenable and the lawsuit is a legitimate copyright case (albeit unsuccessful). *Wood v. Cendant Corp.*, 2007 U.S. Dist. LEXIS 49885, at *10 (N.D. Okla. July 10, 2007). For example, in *Wood*, the court found in favor of the defendant on all the copyright infringement claims, but the court did not award attorney's fees because the plaintiff's claims were legitimate, and the plaintiff's lack of credibility did not warrant a conclusion that the claims were frivolous. *Id.* at *10-14.

In the instant case, Plaintiff is a photographer who brought an action for copyright infringement based on the belief that Defendant reproduced and publicly displayed Plaintiff's photographs without authorization. The assertions Plaintiff made were not "clearly baseless" because Plaintiff had a legitimate belief that Defendant was violating section 501 of the Copyright Act when it published Plaintiff's photographs. The court in *Wood* found that a lack of a plaintiff's credibility does not necessarily constitute frivolousness. Similarly, the instant case was not frivolous notwithstanding Defendant's

assertion that Plaintiff was "careless" in bringing this action and that his claims were not

legitimate. For those reasons, the first *Fogerty* factor weighs in favor of denying

attorney's fees.

      2.    <u>Motivation</u>

      "The existence of bad faith or an improper motive in bringing or pursuing an

action weighs in favor of an award of fees to a prevailing party." *Frost-Tsuji Architects v.*

*Highway Inn, Inc.*, 2015 U.S. Dist. LEXIS 127213, at *20 (D. Haw. Sept. 23, 2015). "A

finding of bad faith can be based on actions that led to the lawsuit, as well as on the

conduct of the litigation." *Id.* at *20-21(citing *Hall v. Cole*, 412 U.S. 1, 15 (1973)). A

plaintiff is properly motivated if the plaintiff is defending his or her rights to certain

materials. *Wood*, 2007 U.S. Dist. LEXIS 49885 at *11. For example, in *Wood*, the

plaintiff did not sue the defendant in bad faith because the plaintiff created the computer

programs at issue and was seeking only to defend his rights to the material. *Id.*

      In *Frost Tsuji*, on the other hand, the court found that a party did have improper

motives. There, the plaintiff was an architect that the defendants hired to build a

restaurant, but the defendants terminated the plaintiff's employment. 2015 U.S. Dist.

LEXIS 127213 at *2. The plaintiff sued for copyright infringement when the defendants

allegedly continued to use the plaintiff's drawings and other documents. *Id.* at *2-3. The

defendants in *Frost-Tsuji* prevailed and were awarded attorney's fees based on the

court's conclusion that the plaintiff filed the claims and pursued the action in bad faith

because his goal was to obstruct the defendants' construction project. *See id.* at *21.[1]

By contrast, there is no evidence that Plaintiff acted in bad faith by initiating this

case. Plaintiff created the photographs at issue—like the plaintiff in *Wood* who created

the computer programs—and Plaintiff was seeking only to defend his rights to those

photographs. Defendant argues that Plaintiff acted in bath faith when Plaintiff's counsel

used "litigation scare tactics"—such as noticing eight depositions of Defendant's

witnesses in his New York office when all parties and witnesses resided in Colorado—to

force an unreasonable settlement and inflate costs. (Doc. # 32 at 6) (original quotations

omitted). Defendant also argues "any offers to settle for tens of thousands of dollars

were not in good faith" because Plaintiff could only recover actual damages and not

statutory damages. However, the Court is not persuaded that such conduct is evidence

that Plaintiff pursued this case in bad faith.

Moreover, Plaintiff accurately points out that Defendant failed to produce timely

documentary evidence of the relevant license, which raises the question of whether

Defendant intended to "rack up its legal fees through needless discovery." (Doc. # 33 at

2). Therefore, because there is no evidence that Plaintiff initiated the instant case in bad

faith, this factor weighs against awarding attorney's fees.

3.   <u>Objective Unreasonableness</u>

"Where a party knows from the start their chance of prevailing is slim to none,

---

[1] The court also found that the defendant was entitled to attorney's fees based on the
compensation and deterrence factor discussed below.

litigation is unreasonable." *Gold*, 2017 U.S. Dist. LEXIS 222099 at *20 (citing *SOFA*

*Entm't, Inc. v. Dodger Prod, Inc.*, 709 F.3d. 1273, 1280 (9th Cir. 2013)). A claim is not

unreasonable just because a plaintiff lost. *Wood*, 2007 U.S. Dist. LEXIS 49885 at 11.

Additionally, a claim that is not objectively unreasonable at the beginning of a case "can

become [unreasonable] if the litigant continues to pursue it when the litigant knew or

should have known that the chance of success was slim to none." *Frost-Tsuji*, 2015

U.S. Dist. LEXIS 127213 at *14.

      For example, in *Gold*, the court determined that the objective reasonable factor

weighed in favor of awarding fees because the plaintiff should have known some of the

plaintiff's claims did not have any chance of prevailing. 2017 U.S. Dist. LEXIS 222099 at

*25-26. In *Wood*, on the other hand, the court determined that even though the plaintiff

did not prevail on his claims, the claims were tenable and non-frivolous, and therefore

reasonable. 2007 U.S. Dist. LEXIS 49885 at *10-11. Similarly, in *Frost-Tsuji*, the

defendants argued that the plaintiff should have known the chances of prevailing were

slim to none, but the court found the plaintiff's claims were not unreasonable because it

did not become obvious that the defendant would prevail until the record became more

developed through the pretrial process. 2015 U.S. Dist. LEXIS 127213 at *15.

      In the instant case, Plaintiff's claims were initially tenable. Additionally, Plaintiff

did not become aware that the chances of success for his claims were slim to none until

Defendant presented documentary evidence of the license on July 29, 2019. (Doc. # 33

at 4.) Plaintiff voluntarily dismissed all claims against Defendant three days later.

Because Plaintiff did not continue to pursue his claims under the circumstances, the instant case is not unreasonable.

### 4.    Compensation and Deterrence

This factor supports an award of fees if the losing party should be deterred from asserting the claims (or defenses) that it asserted. *Gold*, 2017 U.S. Dist. LEXIS 222099 at \*26 (citing *Epikhin v. Game Insight N. Am.*, 2016 U.S. Dist. LEXIS 44170, at \*8 (N.D. Cal. Mar. 31, 2016)). If there is no evidence of frivolousness, bad faith, or objective unreasonableness, a fee award has no deterrent value. *Epikhin*, 2016 U.S. Dist. LEXIS 44170, at \*28. In other words, if a plaintiff is justified in filing the lawsuit, deterrence is not warranted. *Wood*, 2007 U.S. Dist. LEXIS 49885 at \*12.

In *Epikhin*, the court did not want plaintiffs with meritorious claims to be deterred from filing due to fear of the possibility they may pay large sums of attorney's fees to the opposing party. 2016 U.S. Dist. LEXIS 44170 at \*25. Additionally, the defendant in *Wood* was not awarded attorney's fees because it had enough motivation, based on the benefit it received from the use of the program at issue, to defend against the plaintiff's claims. 2007 U.S. Dist. LEXIS 49885 at \*13.

In the instant case, the claims Plaintiff made were not frivolous or objectively unreasonable, and a determination of bad faith is not warranted. Therefore, awarding attorney's fees would not be appropriate because there is nothing for the Court to deter. Additionally, Defendant spent more time than necessary to complete certain tasks. Specifically, it took Defendant seven months to actually produce the relevant license. Therefore, Defendant incurred legal fees due to its own discovery tactics. Defendant

unreasonably waited until the last day of discovery to present evidence when Defendant made clear it knew about the evidentiary document at the start of litigation. *See* (Doc. # 32 at 7). Additionally, in the instant case, like in *Wood*, Defendant had a legitimate motivation to defend against Plaintiff's claims because it benefits from the use of the photos at issue. Therefore, the compensation and deterrence factor weighs in favor of denying attorney's fees.

     5.   <u>Faithfulness to the Purposes of the Copyright Act</u>

     The above factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act[.]" *Fogerty*, 510 U.S. at 534. "[C]opyright law ultimately serves the purpose of enriching the general public through access to creative works," therefore, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that the plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* at 527. "The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2nd Cir. 2001). Just as an objectively reasonable copyright infringement claim advances the purpose of the Copyright Act, a claim that is made in good faith similarly advances the purpose of the Act. *See id.* at 127.

     The Court finds that Plaintiff's claim, although mistaken, was made in good faith. Within three days of being provided with the document titled "Eleven Creative Services Additional Terms for 2017 Denver Mini Derby," Plaintiff dismissed his claims against

Defendant. (Doc. # 30.) Awarding attorney's fees to Defendant under these

circumstances would not serve the purpose of the Act.

### III.   **CONCLUSION**

Based on the foregoing, the Court ORDERS that Defendant's Motion for Award

of Attorney's Fees and Costs (Doc. # 32) is DENIED.

DATED: January 25, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

     Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

     Defendant.

---

## NOTICE OF APPEAL

---

     Notice is hereby given that Eleven Creative Services, LLC, Defendant in the

above named case, hereby appeals the District Court's Order denying Defendant's

Motion for Award of Attorney's Fees and Costs entered in this action on January 25,

2020, to the United States Court of Appeals for the 10th Circuit.


     DATED in Denver, Colorado this 25th day of February, 2020.

                    s/ Matthew Charles Williamson
                    ***Jessie Laura Pellant***
                    ***Matthew Charles Williamson***
                    StudioIP Law
                    600 Seventeenth Street, Suite 2800
                    Denver, CO 80202
                    Telephone: (720) 443-1773
                    E-mail: jpellant@studioiplaw.com
                            mwilliamson@studioiplaw.com
                    Attorneys for Defendant Eleven Creative
                    Services, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2020, I electronically filed the foregoing NOTICE OF APPEAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys for all parties.

<u>s/ Matthew Charles Williamson</u>
***Jessie Laura Pellant***
***Matthew Charles Williamson***
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com
　　　　mwilliamson@studioiplaw.com
Attorneys for Defendant Eleven Creative
Services, LLC.